ID:memoopposattyfees

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CHERYL A. SOUTHERLAND | CASE NO.: C-1-02-162 |
| Plaintiff, | (J. Spiegel) |
| vs. | **DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S APPLICATION FOR ATTORNEY FEES AND COSTS** |
| SYCAMORE COMMUNITY SCHOOL DISTRICT BOARD OF EDUCATION | |
| Defendant. | |

Defendant Sycamore Community School District Board of Education requests that the Court defer ruling on plaintiff's application for attorney fees and costs until the Sixth Circuit has reached a decision regarding defendant's appeal.

On September 10, 2003, defendant filed its notice of appeal. Besides participation in a mediation conference, no other activity has taken place in the Court of Appeals. Rather than requiring defendant to file a formal appeal of this Court's decision regarding attorney fees and costs, defendant urges this Court to not issue a ruling on plaintiff's Application. The decision of the Sixth Circuit could result in the reversal of all or part of plaintiff's claims against defendant. If those claims were reversed, plaintiff would no longer be the "prevailing party" as described in 42 U.S.C. §1988, and therefore not entitled to attorney fees and costs. Defendant submits that it is in the best interest of the Court and the parties to

forego a ruling upon this issue until the Sixth Circuit decides defendant's appeal.

If this Court decides to rule upon plaintiff's Application, defendant has very few objections to the hours detailed in Exhibit D to plaintiff's Application. There are some objections. An August 6, 2003 entry by a law clerk recited that he attended trial for 4.5 hours, even though there was no trial on that date, should be stricken. Moreover, there were two law clerks attending jury selection on August 7, 2003, billing 8.5 hours in addition to the hours billed by the two attorneys for plaintiff. Defendant is at a lost to understand why the law clerks' participation is worthy of reimbursement, especially since plaintiff had a paid jury consultant present for jury selection. Defendant further objects to the time billed by law clerks attending trial on August 11 through August 14. Since plaintiff is the prevailing party, defendant already has to pay for the attendance fee of her two attorneys. As a matter of equity, defendant should not have to reimburse law clerks and non-professional employees of Freking & Betz for watching the trial. Freking & Betz is already billing the legal research of persons working in a clerical or support position. Passive observation of a trial is not justified by the statute or any sense of fairness.

Based on the foregoing, defendant requests this Court to defer ruling on plaintiff's application for attorney fees and costs until the Sixth Circuit reaches a decision on defendant's appeal. In the alternative, if this Court decides to rule in the absence of a decision from the Sixth Circuit, defendant asks this Court to revisit

and redact the bills for law clerks generated on August 6, 7, 11 through 14 as set forth in Exhibit D to plaintiff's Application.

> Respectfully submitted,
>
> /s/ R. Gary Winters
> R. Gary Winters  0018680
> Ian R. Smith    0068195
> Attorneys for Defendant
> McCASLIN, IMBUS & McCASLIN
> Suite 900 Provident Bank Building
> 632 Vine Street
> Cincinnati, OH  45202-2442
> (513)  421-4646

## CERTIFICATE OF SERVICE

    I hereby certify that on the 23rd day of October, 2003, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> s/ R. Gary Winters
> R. Gary Winters   0018680
> Ian R. Smith   0068195
> Attorneys for Defendant
> Suite 900 Provident Building
> 632 Vine Street
> Cincinnati, OH 45202-2442
> (513) 421-4646 (phone)
> (513) 421-7929 (fax)
> rgwinters@mimlaw.com
> irsmith@mimlaw.com