UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHERYL A. SOUTHERLAND, | : | NO. 1:02-CV-00162 |
| Plaintiff, | : | |
| v. | : | **ORDER** |
| SYCAMORE COMMUNITY SCHOOL DISTRICT BOARD OF EDUCATION | : | |
| Defendant. | : | |

This matter is before the Court on Plaintiff's Application for Attorney Fees And Costs (doc. 37), and Defendant's Memorandum in Opposition (doc. 41).

Defendant filed an appeal of this matter on September 10, 2003 (doc. 36). While it is well-established that the effective filing of a notice of appeal transfers jurisdiction from the district court to the court of appeals to all matters involved in the appeal, Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 103 (1982) (per curiam), that rule of exclusive jurisdiction is based on judicial prudence and is not absolute. Hoffman v. Beer Drivers & Salesmen's Local No. 888, 536 F.2d 1268, 1276-77 (9th Cir. 1976). Rather, this judicially-created doctrine is designed to avoid the confusion and inefficiency of two courts considering the same issues simultaneously. See 9 J. Moore, B. Ward & J. Lucas, Moore's Federal Practice, para. 203.11 at 3-44 n. 1 (2d ed. 1983). Thus, federal courts repeatedly have held that the filing of a notice of appeal in the underlying action does not affect the district court's jurisdiction to consider a post-judgment motion

for attorneys fees. See Morgan v. Union Metal Mfg., 757 F.2d 792, 794 (6th Cir. 1985). The Court, therefore, will consider Plaintiff's Application and Defendant's Objections thereto.

A prevailing party is entitled to recover attorney fees for all time reasonably spent on a matter. Northcross v. Board of Education of Memphis School District, 611 F.2d 624 (6th Cir. 1979). An appropriate procedure to calculate the amount of fees to be awarded is the lodestar method, under which the Court is to determine "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensely v. Eckerhart, 461 U.S. 424, 433 (1983).

In this matter, Plaintiff's counsel requests an award of $114,998.50 for attorneys' fees and $5,436.86 in costs (doc. 37). Plaintiff bases such request on standard hourly rates for attorneys, paralegals, and law clerks approved in the Southern District of Ohio in other cases brought by their law firm (Id.). Plaintiff's counsel argues that the time spent on this case is reasonable, and provides a detailed record of hours they expended in its litigation (Id.). Plaintiff's counsel further provides an itemized list of expenses totaling $5,436.86 (Id.).

Defendant filed its Memorandum in Opposition, arguing first that the Court should not rule on Plaintiff's application until the Sixth Circuit decides the Defendant's appeal (doc. 41). In the event the Court would consider Plaintiff's application, Defendant states that it has very few objections to the hours detailed in Plaintiff's Application (Id.). However, Defendant

objects to the inclusion of an inaccurate entry by a law clerk that he attended trial on August 6, 2003, as there was no trial on that date (Id.).  Defendant further objects to time billed by law clerks in attending the jury selection on August 7, 2003, and the trial on August 11 through August 14, 2003 (Id.).

Having reviewed this matter, the Court finds that it is proper to consider Plaintiff's application at this time.  The Court finds Plaintiff's counsels' representations as to time expended in litigating this matter reasonable, and the hourly requested rate just.  However, the Court finds well-taken Defendant's position that a number of hours attributed to law clerks should be redacted from the application.  The Court finds that a reduction of 44 law clerk hours, billed at $50.00 per hour fairly equates the amount incorrectly requested by Plaintiff on behalf of law clerks.  Therefore, the Court reduces the requested law clerk compensation by $2,200.00.

Accordingly, the Court GRANTS in part Plaintiff's Application for Attorney Fees and Costs (doc. 37) and AWARDS Plaintiff's Counsel $112,798.50 for attorneys' fees and $5,436.86 in costs.

SO ORDERED.

Dated: November 4, 2003         /s/ S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge