UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHERYL A. SOUTHERLAND | : | Case No. C-1-02-162 |
| | : | J. Spiegel |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| SYCAMORE COMMUNITY SCHOOL | : | **PLAINTIFF'S APPLICATION FOR** |
| DISTRICT BOARD OF EDUCATION | : | **SUPPLEMENTAL ATTORNEY** |
| | : | **FEES, COSTS, AND** |
| Defendant. | : | **POST-JUDGMENT INTEREST;** |
| | : | **MEMORANDUM IN SUPPORT** |

Plaintiff Cheryl Southerland, through her attorneys, moves the Court to award supplemental attorneys' fees and costs. Specifically, Plaintiff seeks an additional award of $30,996.00 for attorneys' fees, $892.53 in costs, and $7,368.12 in post-judgement interest. Accompanying this motion is a memorandum in support and detailed exhibits.

Respectfully submitted,

 /s/ Randolph H. Freking
Randolph H. Freking (#0009158)
Mark W. Napier  (#0019700)
Attorneys for Plaintiff
FREKING & BETZ
215 East Ninth Street, Fifth Floor
Cincinnati, OH  45202
(513) 721-1975
Randy@frekingandbetz.com
MNapier@frekingandbetz.com

## **MEMORANDUM IN SUPPORT**

**I.    INTRODUCTION**

Plaintiff, as the prevailing party in this action, applies for an award of supplemental attorney fees award and costs. Plaintiff was awarded attorney fees in the amount of $112.798.50 and costs in the amount of $5,436.86 for the total amount of $118,235.36 by Order of this Court dated November 6, 2003. The Defendants in this matter appealed the decision and the Appeals Court has recently affirmed the decision of this Court.

**II.    STANDARD FOR AWARDING ATTORNEY FEES**

The federal criteria for an award of attorney fees are set forth in <u>Blum v. Stenson</u>, 465 U.S. 886 (1984); <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983); and <u>Northcross v. Bd. of Education of Memphis School District</u>, 611 F.2d 624 (6th Cir. 1979). Once a Plaintiff crosses the statutory threshold and is found to be the "prevailing party," the Plaintiff is "entitled to recover attorney fees" for "all time reasonably spent on a matter." <u>Northcross</u>, <u>supra</u>, at 636. The Supreme Court has recognized the normal method for calculating an appropriate award of attorney fees as the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. <u>Hensley</u>, 461 U.S. at 433.

Plaintiff's counsel is entitled to reasonable fees for all post trial representation including all work associated with the Appeal.

**A.    Plaintiff Does Not Request a Multiplier to Counsel's Hourly Rates in This Case**

Plaintiff requests reasonable rates for lawyers and paralegals employed or retained by Freking & Betz as detailed in Exhibit A.

The Southern District of Ohio has previously approved Plaintiffs's Application for Attorney Fees and Costs and are requesting approval of the fees incurred since the time the Order was issued granting the fees and costs. The hourly rates are the same rates that this Court previously approved and without a modest adjustment for inflation and cost of living increases.

**B.      Plaintiff's Counsel's Hours**

Once the hourly rate has been determined, the next step is to calculate the hours reasonably expended in this action. Northcross, 611 F. Supp. at 636-637, clearly sets forth the procedure for calculating the number of hours reasonably expended. The Court should indicate on the record the number of hours it finds the prevailing party's attorneys have expended on the case. Id.

The hours claimed may not be automatically accepted by the Court, but to the extent that the hours are rejected, the Court must indicate some reason for its action. If the Court decides to eliminate hours of service adequately documented by the attorney, it must identify those hours and articulate its reason for his elimination. Id. Time spent for litigating the fee issues should also be included in the award. Weisenberger v. Hucker, 593 F.2d 49 (6th Cir. 1979).

The time spent on this action is reasonable. The question is not whether a party prevailed on a particular motion or whether the time expenditure was strictly necessary to obtain the relief achieved. Rather, the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed. Wooldridge v. Marlene Industries Corp., 898 F.2d 1169, 1177 (6th Cir. 1990). Under this test, all hours expended in this action by Plaintiff's attorneys were reasonable.

As demonstrated by the summary of attorneys' time attached on Exhibit A, billing records attached as Exhibit B, the vast majority of counsel's time since the Order have been spent on the Appeal including drafting the Appellate brief and attending the Oral Argument in the Sixth Circuit court.

Finally, Plaintiff's counsel is entitled to fees in connection with the time associated with this Application and other post-trial matters. The hours requested in connection with this Application are reasonable because the work was performed by paralegals and lawyers with experience in fee applications, such experience enabling the Application to be prepared as efficiently as possible.

Plaintiff's counsel's time is summarized in Exhibit A

C.    **Expenses of Litigation**

Plaintiff is also entitled to an award of costs and expenses that were billed to Plaintiff. This includes transcript costs and xeroxing (.10 per page) <u>Northcross</u>, <u>supra</u>, at 639. Plaintiff's expenses to date are itemized and totaled in Exhibit C. Plaintiff's total expenses to date are $892.53. Interest at the statutory rate was calculated as $7,368.12.

In order to prepare for the Appeal, it was necessary to order the transcripts of the trial. Plaintiff's costs in this action are summarized in Exhibit C.

D.    **Summary of Hours and Expenses**

See Exhibit A.

### III. <u>CONCLUSION</u>

Plaintiff requests that the Motion for Supplemental Attorney Fees, Costs and Post-Judgement Interest be granted in the amount of $30,966.00 for fees, expenses in the amount of $892.53 and post-judgement interest in the amount of $7,368.12 for a total of $39,226.65.

Respectfully submitted,

/s/ Randolph H. Freking
Randolph H. Freking (#0009158)
Mark W. Napier  (#0019700)
Trial Attorneys for Plaintiff
FREKING & BETZ
215 East Ninth Street, Fifth Floor
Cincinnati, OH  45202
(513) 721-1975
Randy@frekingandbetz.com
MNapier@frekingandbetz.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2005 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. mail to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Randolph H. Freking