ID:memoopposattyfees

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| CHERYL A. SOUTHERLAND | CASE NO.: C-1-02-162 |
| Plaintiff, | (J. Spiegel) |
| vs. | **DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL APPLICATION FOR ATTORNEY FEES, COSTS AND POST-JUDGMENT INTEREST** |
| SYCAMORE COMMUNITY SCHOOL DISTRICT BOARD OF EDUCATION | |
| Defendant. | |

Defendant requires more information from plaintiff's counsel and their office staff before it can properly respond to the reasonableness of the time spent by them on this case. The breakdown of time as set forth in Exhibit B to plaintiff's Application does not have sufficient detail to judge what was actually performed by the various individuals on the dates in question. The most glaring error in the services detailed by plaintiff's counsel and plaintiff's counsel's office staff is the descriptions of "conferences" between attorneys and between attorneys and clerical staff. There is no explanation as to what the conferences are about and the time is doubled or tripled billed by the individuals participating in these conferences. Defense counsel will not make objection to a reasonable amount of time which plaintiff's counsel spent drafting the brief and its various components or the legal research required for such a brief. However, there are many entries in Exhibit B which require explanation as to how this time is related to plaintiff's Appellee Brief. Even if the "conference" among the various individuals is related to the preparation of a brief, it seems vastly unfair for every person who participated in the conference to bill for the same activity.

Another point which requires clarification by plaintiff's counsel is the extensive amount of time spent by Mr. Thompson, an attorney who was not involved in the trial or any of the activity prior to the trial, in preparing the brief. There is an unbelievable amount of time detailed by Mr. Thompson prior to February 17, 2004, the date on which he took steps to get admitted to the Sixth Circuit. Defendant asks that Mr. Thompson prepare an affidavit explaining these blocks of time in "research" to ensure that this action is not an attempt by him to simply "get up to speed" with the file, but rather a memorialization of his review of the record and case law in order to respond to Appellant's brief.

It is unreasonable for the defendant to pay for an attorney who is not involved in a case until the appeal stage to get acquainted with the file or review the local rules and procedures of the Sixth Circuit so that he may draft a brief for his superiors. It is also unreasonable for the defendant to have to pay for this individual to meet with the attorneys who have better knowledge of the case so that he can do the work for them. Perhaps these hours and billing descriptions will be reasonable once Mr. Thompson prepares an affidavit explaining in more detail the services he provided in prosecuting the appeal. As they are right now, the entries seem unreasonable, duplicative and excessive.

Mr. Thompson's billings also contain "block billing" which details several tasks on the same day, but does not explain the breakdown as to how much time was spent for each task. This information needs to be provided to the Court so the reasonableness can be judged. There are occasions when he is not only drafting a brief but meeting with several individuals. While defendant has no problem with Mr. Thompson drafting a brief, the amount of time he spent in early February performing this task is staggering. On February 11, 2004, Mr. Thompson billed 13.8 hours for drafting. The next day, February 12, 2004, he spent 16.1 hours drafting the brief. Two days later he spent 14.1 hours drafting the brief. In between

those two dates he spent 11.1 hours drafting and conferring with Sheila Smith, an attorney who was not involved in the trial.

The February 12 and 13 entries for Mr. Thompson demonstrate the confusion which is inherent to plaintiff's billing since the task of drafting a brief and conferring with different people in the office, including support staff, is not divided into separate billing entries. Before Mr. Thompson's time can be judged reasonable or unreasonable, the court is entitled to a breakdown as to which of his time was spent speaking with other attorneys or support staff and which of it was spent actually drafting the brief.

There are also problems in January and February of 2004 as far as what Mr. Thompson's activity of "research appeal" means. If he was doing legal research on the issues presented by defendant's brief, defendant has no problem with that activity. However, if he was simply researching the plaintiff's file or the rules of the Sixth Circuit regarding briefing, this is certainly not an activity that defendant should subsidize.

Defendant asks that plaintiff's counsel provide a revised Exhibit B, under oath, which details the hours spent for each task by each individual, and remove the "block billing". As Exhibit B exists currently, there is no way for the Court to determine the reasonableness of the hours spent or that the hours are specifically tied to a comparable task. Indeed, there are some entries by Mr. Thompson which contain up to five activities at the close of the day with no detail as to how much of his time was for each individual activity.

Regarding the non-attorneys who submitted time, there has to be more description as to whether the services provided by those individuals were related to the drafting of the appeal brief. It is improper for plaintiff's counsel to include time entries such as that on February 17, 2004 in which the activity is described as "prepare application to admit Tod Thompson to the Sixth Circuit". That is not a cost that can be passed on to the defendant. Plaintiff already had

two attorneys admitted to the Sixth Circuit who tried the case, attended the hearing at the Sixth Circuit and who billed time for this matter. Defendant should not have to pay for the services and costs for a third attorney to become involved in the process.

Defendant should also not have to pay for three counsel in the same office to speak about the same subject matter. For example, the March 31, 2004 entries of three attorneys conferring and all three attorneys submitting bills for whatever this "conference" was. If plaintiff's attorneys and support staff are going to submit time for tasks arguably related to the drafting of the appellee brief, perhaps the task should be delegated to various individuals. Logistical meetings are certainly not a cost that can be passed on to defendant.

Defendant submits that it is not unreasonable to ask Mr. Thompson and the other attorneys/paralegals to better explain the time spent by them in prosecuting their case. However with over $18,000 billed by Mr. Thompson in unclear activities, perhaps getting him up to speed in a file in which he was not involved prior to the appeal level, an affidavit detailing his services and actions is merited.

Respectfully submitted.

/s/ R. Gary Winters
R. Gary Winters  0018680
Ian R. Smith    0068195
Attorneys for Defendant
McCASLIN, IMBUS & McCASLIN
Suite 900 Provident Bank Building
632 Vine Street
Cincinnati, OH  45202-2442
(513) 421-4646 phone
(513) 421-7929 fax
rgwinters@mimlaw.com
irsmith@mimlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of February, 2005 a copy of the foregoing document was filed electronically. Notice of this filing will be sent to all parties by operation

of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ R. Gary Winters
R. Gary Winters   0018680
Ian R. Smith   0068195
Attorneys for Defendant
Suite 900 Provident Building
632 Vine Street
Cincinnati, OH 45202-2442
(513) 421-4646 (phone)
(513) 421-7929 (fax)
rgwinters@mimlaw.com
irsmith@mimlaw.com