UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CHERYL A. SOUTHERLAND | : | Case No. C-1-02-162 |
| | : | J. Spiegel |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **PLAINTIFF'S REPLY TO** |
| SYCAMORE COMMUNITY SCHOOL | : | **DEFENDANT'S RESPONSE IN** |
| DISTRICT BOARD OF EDUCATION | : | **OPPOSITION TO PLAINTIFF'S** |
| | : | **SUPPLEMENTAL APPLICATION FOR** |
| Defendant. | : | **FEES, COSTS AND INTEREST** |

**I.  INTRODUCTION**

Defendant has requested more information regarding the hours billed by Plaintiff's counsel in responding to Defendant's post-trial appeal. Specifically, Defendant has requested an affidavit by Plaintiff's counsel Tod Thompson explaining what Defendant refers to as "block billing," identifying the relevant issues Mr. Thompson researched in preparing Plaintiff's brief, and distinguishing time Defendant alleges Mr. Thompson billed to merely "get up to speed." The Affidavit of Tod Thompson, requested by Defendant, is attached to this memorandum.

**II.  ARGUMENT**

　　**A.  The Hours Billed by Mr. Thompson Were Reasonable**.

Defendant raised 6 distinct issues on appeal. None of these issues was fully briefed and argued before this Court during trial. Defendant flatly asserts that the amount of time Mr. Thompson spent responding to Defendant's appeal is "unbelievable" and "staggering." However, to thoroughly respond to each of Defendant's issues on appeal required a fifty-five page Final Brief. From Mr. Thompson's initial involvement with this case through oral

argument and Plaintiff's supplemental fee application, Mr. Thompson billed 125.9 hours. In total, this amounts to less than 2 ½ hours per page of Final Brief. In responding to Defendant's appeal, Mr. Thompson reviewed and outlined Defendant's brief, reviewed and outlined the trial transcripts, reviewed the case law cited by Defendant, thoroughly researched case law applicable to the issues on appeal, and drafted and finalized the Final Brief.

B. **Mr. Thompson's Work on the Case Was Economical.**

Defendant generally asserts that it is unreasonable to have to compensate Plaintiff for hours billed by an attorney who worked on the appeal but did not work on trial. Plaintiff's counsel is unaware of any precedent from which Defendant's assertion might derive. Freking and Betz assigned Mr. Thompson to Defendant's appeal in part because of Mr. Thompson's relatively low hourly rate. Mr Freking's hourly rate is $365 per hour. Mr. Napier's hourly rate is $260 per hour. However, Mr. Thompson's hourly rate is $150 per hour. In fact, only one other attorney with Freking and Betz has a lower hourly rate than Mr. Thompson. Mr. Thompson's low hourly rate permitted more efficient use of Plaintiff's counsel's resources. Defendant's suspicion that Plaintiff's fees would be lower were Mr. Freking or Mr. Napier to have responded to its appeal is economically implausible.

C. **Conferences Between Mr. Thompson and Other Attorneys Related to The Specific Issues Raised upon Appeal.**

Defendant expresses suspicion that Mr. Thompson spent an unreasonable amount of time in conference with Mr. Freking and Mr. Napier to "get up to speed." Review of Exhibit B to Plaintiff's Supplemental Application for Attorney Fees discloses the opposite to be the case. Mr. Thompson first billed for his involvement in this case on January 14, 2004, when he

had an initial conference with Mr. Napier for .1 minute. Subsequently, on January 15, 2004, Mr. Thompson reviewed Defendant's Proof Brief to acquire a general understanding of the issues on appeal. During the subsequent three weeks, Mr. Thompson spent relatively little time conferencing with Mr. Freking and Mr. Napier. Rather, the vast majority of time billed by Mr. Thompson involved "review," "research" and "preparation." During this time, Mr. Thompson was reviewing the trial transcripts, reviewing and outlining Defendant's arguments and planning Plaintiff's responses to Defendant's arguments. Mr. Thompson only briefly conferred with Mr. Freking and/or Mr. Napier on a few occasions prior to actually drafting Plaintiff's response. During those conferences, Mr. Freking, Mr. Napier and Mr. Thompson specifically discussed the issues raised in Defendant's appeal and possible responses to those issues. There was nothing with which to "get up to speed." Plaintiff's counsel was only concerned with reviewing and planning responses to the issues raised in Defendant's appeal. Were Mr. Napier and/or Mr. Freking to have responded to Defendant's appeal, they too would have had to review the trial transcripts and Defendant's arguments, and plan Plaintiff's response.

### D. Mr. Thompson Billed Approximately 1.2 Hours per Page Drafted.

Defendant contends that Mr. Thompson's billing includes "staggering" hours for drafting Plaintiff's proof brief. Specifically, Defendant points to the hours Mr. Thompson expended between February 11, 2004 and February 16, 2004. During this period of time, Mr. Thompson spent no more than 66 ½ hours drafting, editing and preparing Plaintiff's fifty-five page brief for file. This reduces to approximately 1.2 hours per page.

    **C.**    **Billings Submitted with Plaintiff's Supplemental Fee Application Specifically Reveal the Amount of Time Mr. Thompson Conferred with Other Attorneys.**

Defendant further complains that Mr. Thompson's billings are not sufficiently differentiated because they include "block billing." Specifically, Defendant complains that from February 11, 2004 through February 16, 2004 it is impossible to discern the amount of time Mr. Thompson spent conferring with other attorneys from the amount of time Mr. Thompson spent drafting Plaintiff's brief. Yet, Defendant should merely subtract the conference time billed by these conferring attorneys from Mr. Thompson's "block" to find that number.

    **D.**    **Defendant's Assertion that Mr. Thompson Spent Inordinate Time Reviewing Sixth Circuit Rules is Unfounded.**

Defendant generally asserts that Mr. Thompson spent significant time reviewing the rules of the Sixth Circuit regarding briefing. Defendant apparently refers here to March 31, 2004, when Mr. Thompson conferred with Mr. Napier, Ms. Clark and Sixth Circuit Clerk Ms. Valerie Fields. On this date, Mr. Thompson realized that the Joint Appendix submitted by Defendant erroneously omitted exhibits and transcript pages essential to the record. The final brief was fast becoming due. It was incumbent upon Plaintiff's counsel to make certain Defendant's errors were properly remedied. Mr. Thompson did so by briefly conferring with more senior Freking and Betz attorneys and Ms. Fields. Had Defendant properly prepared the Joint Appendix, Plaintiff's counsel would not have had to expend this time. Defendant's assertion that it should not have to compensate Plaintiff for time spent by her counsel remedying Defense counsel's error is without merit.

**E.     Defendant's Assertion That Only One Attorney Should Bill for Conferences with Other Attorneys And/or Non-attorneys Is Without Merit.**

Finally, Defendant's assertion that attorneys and non-attorneys with whom Mr. Thompson conferred should not be compensated for their efforts in responding to Defendant's appeal is without precedent.

**III.    CONCLUSION**

For the reasons stated herein, Plaintiff's Supplemental Application for Attorney Fees Should be granted.

Respectfully submitted,

/s/ Tod J. Thompson
Randolph H. Freking (#0009158)
Mark W. Napier  (#0019700)
Trial Attorneys for Plaintiff
FREKING & BETZ
215 East Ninth Street, Fifth Floor
Cincinnati, OH  45202
(513) 721-1975

**CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2005 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed via U.S. mail to those parties who are not served via the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Tod J. Thompson