UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHERYL A. SOUTHERLAND,  :
: NO. 1:02-CV-00162
    Plaintiff, :
: **OPINION & ORDER**
:
v. :
:
:
SYCAMORE COMMUNITY SCHOOL :
DISTRICT BOARD OF EDUCATION, :
:
    Defendant.

       This matter is before the Court on the Plaintiff's Application for Supplemental Attorney Fees, Costs, and Post-Judgment Interest; Memorandum in Support (doc. 51), Defendant's Memorandum in Opposition to Plaintiff's Supplemental Application for Attorney Fees, Costs and Post-Judgment Interest (doc. 52), and the Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Supplemental Application for Fees, Costs and Interest (doc. 53).

       Plaintiff Cheryl Southerland (hereinafter "Southerland"), through her attorneys, moves this Court to award supplemental attorneys' fees and costs in the amount of $30,996.00 for fees, $892.53 in costs, and $7,368.12 in post-judgment interest (doc. 51). Southerland is the prevailing party in this action and was initially awarded fees in the amount of $112,798.50 and costs in the amount of $5,436.86 for a total amount of $118,235.36 by this Court's Order dated November 6, 2003 (doc. 42). Defendant Sycamore Community School District Board of Education (hereinafter

"Sycamore") appealed the decision (doc. 47). This Court's decision was ultimately affirmed by the Sixth Circuit (doc. 51).

Southerland notes that the federal criteria for an award of fees are set forth in Blum v. Stenson, 465 U.S. 886 (1984); Hensley v. Eckerhart, 461 U.S. 424 (1983); and Northcross v. Bd. of Educ. Of Memphis Sch. Dist., 611 F.2d 624 (6th Cir. 1979) (doc. 51). Southerland is correct in stating that "[o]nce a Plaintiff crosses the statutory threshold and is found to be the 'prevailing party,' the Plaintiff is 'entitled to recover attorney fees' for 'all time reasonably spend on a matter'" (doc. 51 quoting Northcross at 636). Hensley recognizes that the normal method for calculating an appropriate award of attorney fees is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Hensley at 433.

Once the hourly rate has been determined, the next step is to calculate the hours reasonably expended. Northcross at 636-37. Southerland maintains that the time spent litigating this matter was reasonable (doc. 51). Counsel for Southerland spent significant time drafting her Appellate Brief and attending the Oral Arguments in the Sixth Circuit (doc. 51). Additionally, Counsel for Southerland seeks fees in connection with time associated in preparing this application and other post-trial matters (Id.).

Sycamore objects to Southerland's request stating that it can not properly respond to the reasonableness of the alleged time spent by Southerland's counsel on this case without

more information (doc. 52). For example, Sycamore notes that Southerland's counsel describes "conferences" between attorneys and between attorneys and clerical staff with no explanation as to what the conferences were about (doc. 52). Sycamore complains that counsel for Southerland double or triple billed for these conferences (Id.). Sycamore argues that it is "vastly unfair for every person who participated in the conference to bill for the same activity (Id.).

Sycamore also objects to the amount of time spent by Mr. Thompson, an attorney who was not involved in the trial or any of the activity prior to trial, in preparing the appellate brief (Id.). Sycamore takes issue with time possibly spent by Mr. Thompson "getting up to speed" with the file (Id.). It would be unreasonable, asserts Sycamore, to require it to pay fees for an attorney who is not involved in a case until the appeal stage to get acquainted with the file or review the local rules and procedures of the Sixth Circuit so that he may draft a brief (Id.). Sycamore requests that Mr. Thompson file an affidavit explaining in more detail his documented time (Id.).

Additionally, Sycamore highlights that Mr. Thompson's billings contain "block billings" which detail several tasks on the same day, but do not explain the breakdown as to how much time was spent for each task (Id.). Without this information, Sycamore argues that the Court can not determine the reasonableness of Southerland's fee request (Id.). Sycamore avers that Mr. Thompson bills for times where he is both drafting a brief and

meeting with several individuals (Id.). Furthermore, Sycamore highlights the amount of time Mr. Thompson spent drafting the appellate brief, claiming that it is unreasonable (Id.). For example, Sycamore notes that Mr. Thompson spent 13.8 hours on February 11, 2004, 16.1 hours on February 12, 2004, and 14.1 hours on February 14, 2004 - all on drafting the appellate brief (Id.). Southerland replies, asserting that the hours Mr. Thompson billed were reasonable (doc. 53).

The Court finds Southerland's Application for Supplemental Attorney Fees, Costs, and Post-Judgment Interest well-taken. However, the Court agrees with Sycamore that some of Southerland's entries on Exhibit B ("Statement for Services") are duplicative and, in the Court's opinion, unnecessary. Accordingly, the Court GRANTS Southerland's Motion (doc. 52) and, in so doing, awards $26,350.00 and $892.53 in costs. The Court DOES NOT AWARD post-interest judgment. As such, the total amount to be paid to counsel for Southerland is $27,242.53.

SO ORDERED.

Dated: September 14, 2005    s/S. Arthur Spiegel
                             S. Arthur Spiegel
                             United States Senior District Judge